UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN CROSS FISHERIES, INC.,

Defendant.

_____/

No. 1:18-cr-135

Hon. PAUL L. MALONEY
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between John Cross Fisheries, Inc. ("Defendant"), and the United States Attorney's Office for the Western District of Michigan and the Environmental Crimes Section, Environment and Natural Resources Division, United States Department of Justice (collectively "the Government"). The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty.</u>   Defendant agrees to plead guilty to the Felony Information that charges Defendant with: (1) knowingly engaging in conduct involving the sale and purchase, offer of sale and purchase and intent to sell and purchase fish with a market value greater than $350.00 and knowingly making and submitting a false record, account, or label for, or any false identification of said fish that had been or was intended to be transported in interstate or foreign commerce, in violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), and (2) knowingly selling and attempting to sell

fish in interstate commerce, when in the exercise of due care Defendant should have known the fish were possessed and sold in violation of underlying State law, specifically Mich. Comp. Laws, Sections 324.47333 and 324.47319, all in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).

2.    Plea to Information.    Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to the Information charging a felony false records violation of the Lacey Act, Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), as well as a misdemeanor wildlife trafficking violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).

3.    Defendant Understands the Crime.

In order for Defendant to be guilty of violating Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), as charged in the Information, the following must be true:

First: Defendant knowingly made or submitted a false record, account, label or identification of fish;

Second: The fish had been or were intended to be transported in interstate commerce;

Third: The offense involved the sale or purchase, offer of sale or purchase or commission of any act with the intent to sell or purchase fish with a market value greater than $350.00.

In order for Defendant to be guilty of violating Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2), as charged in the Information, the following must be true:

First: Defendant knowingly sold or attempted to sell fish;

Second: The sale or attempted sale was in interstate commerce;

Third: The fish were possessed and sold in violation of underlying State law, specifically Mich. Comp. Laws 324.47333 and 324.47319;

Fourth: Defendant, in the exercise of due care, should have known that the fish were in some way illegal;

Defendant is pleading guilty because Defendant is guilty of the charges described above.

4.      Defendant Understands the Penalty.      The statutory maximum sentence that the Court can impose for a violation of Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(3)(A)(ii), is the following:

    a.    five years of probation;
    b.    a fine of $500,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and
    c.    a mandatory special assessment of $400.00.

The statutory maximum sentence that the Court can impose for a violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2), is the following:

    a.    five years of probation;
    b.    a fine of $200,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and
    c.    a mandatory special assessment of $125.00.

3

Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that it lacks the ability to pay.

5.    Restitution.    Defendant agrees to make full restitution for the losses caused by its activities, in accordance with USSG Section 5E1.1 and Title 18 United States Code Section 3663. Defendant agrees, for the purposes of awarding restitution, that the National Fish Hatcheries and any Tribal fish hatcheries that stock Lake Michigan with lake trout are victims. Defendant agrees that the restitution order is not restricted to the amounts alleged in the count to which Defendant is pleading guilty. The Parties stipulate that the restitution is owed jointly and severally by Defendant and its co-Defendant, and understand that the amount of restitution will be determined by the Court at the time of sentencing.

6.    Suspension/Revocation of Professional License.    Defendant understands if it holds a professional license, the conviction in this case may result in the suspension or revocation of that license. The Government agrees to make known to any licensing authority Defendant's acceptance of responsibility and cooperation in this case.

7.    Financial Accountability and Asset Forfeiture.    Defendant agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing Defendant's assets. Defendant agrees to disclose to law enforcement officials the whereabouts of Defendant's ownership interest in, and all other information known to Defendant about, all monies, property or assets of any

4

kind, derived from or acquired as a result of, or used to facilitate the commission of, Defendant's illegal activities, as well as any of the fish involved in the violation and relevant conduct. Defendant further agrees to forfeit all rights, title, and interest in and to such items. The Parties recognize that the Court may allow such items to be used if necessary to satisfy the order of restitution in lieu of entering an order of forfeiture.

8.   Factual Basis of Guilt.   Defendant and the Government agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

a.   As part of a program to restore a sustainable lake trout fishery in Lake Michigan, commercial fishers were encouraged to switch from gill net gear to trap net gear. A fish caught in a gill net is typically injured by the net and dies before a fisher can release it. Fish caught in trap nets commonly are not injured and, as a result, can be released if they are a species or size prohibited from harvest. Starting in 2000, the State of Michigan paid certain eligible tribal fishers upwards of $200,000 each to convert from gill net to trap net fishing gear. Tribal fishers who accepted the funds and fish using boats converted to trap net gear, are prohibited from harvesting or retaining lake trout as part of the effort to re-establish that fishery. These fishers are required to release lake trout caught in their trap nets.

b.   Defendant was a wholesale fish dealer incorporated in, and licensed by, the State of Michigan and doing business in Charlevoix, Michigan.

c.   The primary operator of Defendant was John Cross III

(hereafter "Cross"), a resident of Charlevoix, Michigan.

d.    Between September 29, 2011, and October 3, 2013, Defendant, through its officers and employees, made approximately forty-two purchases of lake trout from Fisherman A, a tribal fisherman, who Cross knew and should have known fished from a boat that was converted to trap net gear at taxpayers' expense and thus could not lawfully harvest lake trout. Cross made and submitted records and accounts of these purchases on behalf of Defendant, falsely stating that the seller was Fisherman B (who Cross knew and should have known to be a licensed gillnet fisherman who could legally harvest lake trout).

e.    Cross knew that Fisherman A and Fisherman B worked together on Fisherman A's trap net boat. Cross and certain employees sometimes saw the fish sold by Fishermen A and B and did not see the kind of damage on the fish that would be caused by gillnet fishing.

f.    Fisherman A told Cross that he (Fisherman A) was in trouble with authorities for lake trout. In an interview on November 5, 2014, Cross stated to federal investigators "I know [Fisherman A] was shady."

g.    Defendant reported purchasing 48,498 pounds of lake trout from Fishermen B for just $26,366.86, approximately sixty cents per pound, when other licensed wholesalers were paying approximately a dollar per pound for lake trout.

h.    Cross stated to federal investigators that Fisherman A told Defendant that he (Fisherman A) had a fish market and was buying fish from

6

Fisherman B (functioning as a wholesaler). Fisherman A did not have a Wholesale Dealer's License.

  i.  In the exercise of due care Defendant should have known that the fish were illegally sold to and possessed by Defendant.

  j.  Defendant attempted to sell, and resold, much of the illegal lake trout to purchasers in states other than Michigan, to whom Defendant had the fish transported.

  k.  Between approximately March of 2012, and at least August of 2014, Defendant, acting through its officers and employees, filed with the Michigan Department of Natural Resources at least 126 Wholesale Fish Dealer's Purchase Records reporting purchases of whitefish from Fishing Company C. Each Purchase Record submitted by Defendant's officers or employees reported a value of the fish purchased from Fish Company C that Defendant knew was significantly lower than the amount actually paid by Defendant to Company C on the corresponding date, for a cumulative value difference of over a quarter of a million dollars.

  9.  <u>The Government Agrees</u>

  a.  <u>Non-Prosecution Agreement.</u>  The Government agrees not to bring additional criminal charges against Defendant arising out of Defendant's purchases of fish, provided that the conduct is disclosed to the Government by Defendant or its attorney prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

10.    The Sentencing Guidelines.

a.    Defendant understands that, although the Guidelines are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

b.    The Parties agree and stipulate to the following applicable Guidelines factors:

| Base Offense Level | 6 | [USSG 2Q2.1(a)] |
| Specific Offense Characteristics: | | |
| Commercial Purpose | +2 | [USSG 2Q2.1(b)(1)(A)] |

The Parties further agree and stipulate that the offense level is increased by the number of levels from the table in USSG Section 2B1.1 corresponding to the fair market retail value of the fish, including relevant conduct. *See* USSG Sections

8

2Q2.1, Application Note 4; Section 1B1.3. There is no applicable Guideline that establishes a recommended fine amount to be imposed on a corporate defendant in an environmental case such as this. *See* USSG Section 8C2.10. The Parties recognize that, under USSG Section 5E1.1(c), as to any fine amount entered in this case, the court shall order that any amount paid by defendant shall first be applied to satisfy the order of restitution.

12.    Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Parties make this non-binding recommendation for a sentence of five years' probation with a special condition requiring Defendant to develop and implement within the first year of probation a compliance plan to help Defendant avoid future transactions in illegal fish and future false accounts of fish. The Parties will make separate recommendations regarding fines, forfeitures, and restitution.

13.    Waiver of Constitutional Rights.    By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

b.    The right to confront and cross-examine witnesses against Defendant.

9

c.      The right, if Defendant wished, to present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

d.      By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be.

14.    Waiver of Other Rights.

a.      Waiver. In exchange for the promises made by the Government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b.      Exceptions. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

      i.      Defendant's sentence exceeded the statutory maximum for the offense of conviction;

      ii.      Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

      iii.      the guilty plea was involuntary or unknowing;

      iv.      the attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

15.    FOIA Requests.    Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.    Hyde Waiver.    Defendant acknowledges, by its voluntary admission of guilt, that the position of the Government in this case is not vexatious, frivolous, or in bad faith, and it hereby disclaims and waives any right to make any claim for attorney fees.

17.    The Court is not a Party to this Agreement.    Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the Parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw itshis guilty plea, and it will remain bound to fulfill all itshis obligations under this agreement. Defendant understands that no one - not the prosecutor, Defendant's attorney, or the Court -

11

can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

18. <u>This Agreement is Limited to the Parties</u>.    This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and the Environmental Crimes Section, Environment and Natural Resources Division, U.S. Department of Justice, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>.    If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the Government shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the Government elects to terminate this agreement, the agreement shall be considered null and void, and the Parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the Government shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is

time-barred if the prosecution is brought within one year of the breach that gives rise to the termination of this agreement.

20.     This is the Complete Agreement.     This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the Parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney


__June 5, 2018__          /s/ *Maarten Vermaat*
Date                     MAARTEN VERMAAT
                         Assistant United States Attorney


__June 5, 2018__          /s/ *Elinor Colbourn*
Date                     ELINOR COLBOURN
                         Senior Counsel
                         Environmental Crimes Section
                         Environment and Natural Resources
                                 Division
                         U.S. Department of Justice

13

The Corporate Representative makes the following representations to the Court:

1.     I am over the age of twenty-one.   I graduated from high school, and I can read and understand English.

2.     This document contains all terms of the agreements between Defendant and the Government; if there are exceptions, the Court will be specifically advised, on the record, at the time of Defendant's guilty plea of the additional terms. I understand the Government and Defendant cannot have terms of this plea agreement that are not disclosed to the Court.

3.     No one has made threats, promises, or representations to me that have caused Defendant to plead guilty, other than the provisions set forth in this agreement.

4.     I have discussed this case and this plea with Defendant's lawyers as much as I wish and I have no additional questions.

5.     Defendant and I are fully satisfied with Defendant's in-house and outside lawyers, who have counseled Defendant in this matter.

6.     Defendant's decision to enter this plea was made after full and careful thought; with the advice of counsel, and with a full understanding of its rights, the facts and circumstances of the case and the consequences of the plea.

7.     I am not under the influence of any drugs, medication, or intoxicants.

8.     I have no mental reservations concerning Defendant's plea.

9.     I understand and agree to all of the above.

10.     I am authorized to serve as corporate representative for defendant John Cross Fisheries, Inc. for all purposes relating to this Plea Agreement, including but not limited to, executing the Plea Agreement, appearing before the United States District Court for the Western District of Michigan, Southern Division, on behalf of the defendant company, and entering on behalf of the defendant company a guilty plea to the two counts alleged in the Information pursuant to the Plea Agreement.

July 10, 2018
Date

Kellie M. Sutherland
Company Representative

14

I certify that I have discussed this plea agreement with the Defendant and the Defendant's Representative, that I have fully explained its rights to the Defendant and the Defendant's Representative, and that I have assisted the Defendant in completing this plea agreement.   I believe that the Defendant is knowingly entering the plea agreement with full knowledge of its legal rights and that there is a factual basis for the plea.

__July 10, 2018__
Date

Charles E. Chamberlain, Jr., Esq.
Attorney for John Cross Fisheries, Inc.

15